ORIGINAL

Complaint
NORMAN K.K. LAU
Attorney At Law
A Law Corporation

NORMAN K.K. LAU  1795
820 Mililani Street, Suite 701
Honolulu, Hawaii  96813
Telephone No.:  (808) 523-6767
FAX No.:        (808) 523-6769
Email: norm@normlau.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 09 2007

at 3 o'clock and 26 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LYDIA TUATAGALOA, and GAISAAFA TUATAGALOA,<br><br>Plaintiff,<br><br>vs.<br><br>CREDITOR IUSTUS et REMEDIUM, LLP dba CIR, LAW OFFICES,<br><br>Defendant. | CIVIL NO. CV07 00190 HG KSC<br><br>COMPLAINT; EXHIBIT 1; JURY DEMAND; SUMMONS |

COMPLAINT

COMES NOW, Plaintiffs, by and through their undersigned attorney, and allege as follows:

I. **INTRODUCTION**

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter the Act) and H.R.S. §480-2 to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which

occurred within one year from the filing date of this Complaint unless otherwise stated.

## II.   JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d). This Court also has supplemental jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

## III.   FACTUAL ALLEGATIONS

3.   Plaintiff Lydia Tuatagaloa is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, and is a resident of the State of Hawaii at all relevant times herein.

4.   Plaintiff Gaisaafa Tuatagaloa is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, and is a resident of the State of Hawaii at all relevant times herein.

5.   On information and belief, Defendant Creditor Iustus et Remedium, LLP dba CIR Law Offices (hereafter referred to as CIR) is a California law partnership. CIR attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), in Hawaii from Plaintiffs. CIR is a debt collector as defined in 15 U.S.C. §1692a(6).

6.   Plaintiffs purchased a car through Ford Motor Credit Company in April 2002. Subsequently, Plaintiff Lydia Tuatagaloa

was involved in a motor vehicle accident on May 2, 2003 in which the vehicle was deemed a total loss. Plaintiffs' insurance company paid about half of the remaining amount owed to Ford Motor Credit.

7. Plaintiffs sought the services of the undersigned on or about October 24, 2005 to assist with the GAP insurance claim to pay the remainder of the balance. Plaintiffs had been unable to get the information about their GAP insurance policy because their copy was burned in the accident and the dealer claimed it retained no copies.

8. On or about January 23, 2006, the undersigned spoke with Michael Francisco at CIR, on behalf of Plaintiffs, regarding the accident, GAP insurance issues, and CIR's request for payment from Plaintiffs. CIR responded with a facsimile to the undersigned on or about February 23, 2006 with documents pertaining to Plaintiffs' loan with Ford Motor Credit Co. etc. Similarly, CIR faxed the undersigned more documents on July 25, 2006.

9. Throughout 2006 the undersigned had numerous contacts with CIR regarding Plaintiffs' issues and the GAP insurance policy. The undersigned continuously updated CIR on the status of the Plaintiffs' claims with OwnerGuard that issued the GAP policy directly.

10. On or about February 12, 2007, CIR sent Plaintiffs a

collection settlement offer. (Exhibit 1).

11.  The settlement offer letter was a direct communication to Plaintiffs from Defendant who had full knowledge of the undersigned's representation of Plaintiffs.

12.  The settlement offer asked Plaintiffs to pay $7,436.71 out of a $12,394.51 alleged debt but the signature line also authorized $9,915.61 to be charged to a credit card.

13.  Plaintiffs were confused and upset as to how the "offer" price was $7436.71 but more if they charged it.

14.  Plaintiffs were confused and upset to be contacted by Defendant who knew Plaintiffs were represented by the undersigned.

15.  Defendant's attempt to collect money from Hawaii residents also constituted the unauthorized practice of law as Defendant is not licensed to practice law in Hawaii at relevant times herein.

**IV.  CLAIMS FOR RELIEF**

COUNT 1

16.  Plaintiffs reallege and incorporates paragraphs 1-15 herein.

17.  By its actions, Defendant violated 15 U.S.C. §1692c including, but not limited to, subsection (a)(2).

COUNT 2

18.  Plaintiff realleges and incorporates paragraphs 1-15

herein.

19. By its actions, Defendant violated 15 U.S.C. §1692e including, but not limited to, subsections (2)(A), (5), and (10).

COUNT 3

20. Plaintiff realleges and incorporates paragraphs 1-15 herein.

21. By its actions, Defendant violated 15 U.S.C. §1692f, including, but not limited to, subsection (1)

COUNT 4

22. Plaintiff realleges and incorporates paragraphs 1-15 herein.

23. By its actions, Defendants violated H.R.S. §480-2.

**V.   PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1. Award special and general damages as will be proved at trial against Defendant.

2. Award statutory damages in the amount of $1,000 to each Plaintiff for each violation of the Act against Defendant.

3. Award a minimum of $1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) for violation of H.R.S. §480-2 plus costs and reasonable attorney's fees against Defendant.

4. Award pre and post judgment interest; and

5. Award such other relief this Court deems just and

equitable including, but not limited to, attorney's fees and costs.

DATED: Honolulu, Hawaii. April 9, 2007.

_____
NORMAN K.K. LAU
Attorney for Plaintiffs

- 6 -